UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:22-CV-566-CRS-RSE

ROBERT N.                                                                                                       PLAINTIFF
v.

MARTIN O'MALLEY,
*Commissioner of the Social Security Administration*[1]                      DEFENDANT

## MEMORANDUM OPINION & ORDER

Pursuant to 42 U.S.C. § 405(g), plaintiff Robert N. ("Claimant") seeks judicial review of the Commissioner of Social Security's denial of his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act. This matter was referred to United States Magistrate Judge Regina S. Edwards for preparation of a report and recommendation. On November 27, 2023, Magistrate Judge Edwards issued her Report concluding that the administrative law judge's ("ALJ") decision denying SSI benefits should be affirmed. DN 23. On December 8, 2023, Claimant filed timely Objections to the Report. DN 24. This matter is now before the court for consideration of Claimant's Objections.

## I. Administrative History

Claimant filed his SSI application on July 16, 2020. His claim was denied initially and on reconsideration. Claimant requested a hearing, and his request was granted. A telephonic hearing was held October 28, 2021. An impartial vocational expert testified at the hearing. On November 22, 2021, the ALJ issued a written decision. After evaluating the evidence under the required five-step process, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. Claimant requested review by the Appeals Council. His request was denied

---

[1] Martin O'Malley became the Commisoner of the Social Security Administration on Decemder 20, 2023. Pursuant to FED. R. CIV. P. 25(d), he is substituted for former Acting Commissioner Kilolo Kijakazi.

on September 8, 2022. As a result, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

## II. Standard of Review

The court conducts a de novo review of the portions of Magistrate Judge Edwards's Report to which Claimant has filed timely and specific written objections. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Specific objections "pinpoint those portions of the [magistrate judge's] report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The court may accept, reject, or modify, in whole or in part, the findings and recommendations made by Magistrate Judge Edwards. 28 U.S.C. § 636(b)(1)(C).

In reviewing findings by an ALJ, the court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). The court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

## III. Analysis

Claimant presented one issue to Magistrate Judge Edwards: because there were unresolved conflicts between the vocational expert's testimony and the U.S. Department of Labor's Dictionary of Occupational Titles ("DOT"), the ALJ was required to resolve the conflicts in his written decision pursuant to SSR 00-4p before relying on the testimony. The ALJ's failure to do so, Claimant argued, warrants remand. Claimant's F&L, DN 17 at 5.

After considering Claimant's argument and those of the Commissioner, Magistrate Judge Edwards found conflicts between the vocational expert's testimony and the DOT. Report, DN 23 at 9. However, she concluded that the errors were not apparent within the meaning of SSR 00-4p and that, in any event, Claimant waived the issue by failing to call the conflicts to the ALJ's attention during the administrative hearing. *Id.* at 10. Thus, Magistrate Judge Edwards concluded that the ALJ "did not err in relying on the vocational expert's testimony." *Id.*

Claimant objected to Magistrate Judge Edwards's Report on two grounds. First, he argued that Magistrate Judge Edwards erroneously found that the conflicts were not apparent. Objections, DN 24 at 5–7. Second, Claimant contended that he did not waive his argument, and that Magistrate Judge Edwards erred in finding otherwise. *Id.* at 7–10. Because Magistrate Judge Edwards correctly found that Claimant waived his argument, the court will overrule both objections.

SSR 00-4p governs how ALJs are to resolve conflicts between the testimony of vocational experts and other reliable occupational information, such as the DOT, in disability decisions. SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000). SSR 00-4p requires ALJs to proactively "ask about any possible conflict between" the vocational expert's testimony and the DOT. *Id.* at *4. Additionally, the ruling specifies that where it "appears" there is a "conflict" between the vocational expert's testimony and the DOT, the ALJ must "obtain a reasonable explanation" from the vocational expert. *Id.*

The Sixth Circuit Court of Appeals has observed that while SSR 00-4p requires ALJs to ask vocational experts whether their testimony conflicts with the DOT, it does not require ALJs to independently investigate the testimony to determine if it is correct. *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 858 (6th

Cir. 2010); *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 715 (6th Cir. 2013). Thus, for an ALJ's obligation to resolve a conflict between occupational sources to kick in, he must be made aware of it at the administrative hearing. That can occur when the vocational expert concedes that his testimony conflicts with the DOT. When that does not occur, however, the "obligation falls to" Claimant's counsel, who has the opportunity to cross-examine the vocational expert "and bring out any conflicts with the DOT." *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009); *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 318 (6th Cir. 2020). A counsel's failure to do so "is not grounds for relief." *Beinlich*, 345 F. App'x at 168–69 (citing *Ledford v. Astrue*, 311 F. App'x 746, 757 (6th Cir. 2008)).

At the administrative hearing, the ALJ presented the vocational expert with a hypothetical that substantially aligned with Claimant's RFC. Admin. Rec., DN 11 at 67. The vocational expert testified that such an RFC would preclude all work: "Your Honor, with those limitations the individual could not do any work in our national economy." *Id.* at 68. Shortly after consulting his computer, however, the vocational expert testified that "I'm sorry, . . . let me just restate that. That [sic] would be some work." *Id.* The vocational expert then identified three occupational titles: Page, Non-Postal Mail Clerk, and Router. *Id.* at 68–69.

The ALJ asked the vocational expert whether his testimony was "consistent with" the DOT. *Id.* at 69. The vocational expert responded in the affirmative. *Id.* Thereafter, the ALJ specifically asked the vocational expert whether the jobs he identified "require an individual to perform any reaching overhead." *Id.* The vocational expert responded in the negative and, once asked again whether his testimony was consistent with the DOT, he responded in the affirmative. *Id.* at 70. Ultimately, the ALJ concluded that there were no conflicts between the vocational expert's testimony and the DOT. ALJ Op., DN 11 at 28.

Unfortunately, as Magistrate Judge Edwards rightly found, there were conflicts between the vocational expert's testimony and the functional requirements of all three occupational titles. The Page DOT listing requires a worker to frequently stoop and kneel. DOT # 249.687-014, 1991 WL 672351 (Jan. 1, 2016). But the ALJ found that Claimant's RFC was limited to only occasional stooping and kneeling. ALJ Op., DN 11 at 24. Additionally, all three DOT listings require frequent reaching. DOT # 249.687-014, 1991 WL 672351 (Jan. 1, 2016); DOT # 209.687-026, 1991 WL 671813 (Jan. 1, 2016); DOT #222.587-038, 1991 WL 672123 (Jan. 1, 2016). However, the ALJ found that Claimant could never perform overhead reaching. ALJ Op., DN 11 at 24. Nonetheless, the vocational expert affirmed twice that his testimony as to the functional requirements of these jobs was consistent with the DOT. Admin. Rec., DN 11 at 69–70. Thus, it became Claimant's job to "bring the conflict to the attention of the ALJ," *Martin*, 170 F. App'x at 374, through effective cross-examination. *Beinlich*, 345 F. App'x at 168; *O'Neal*, 799 F. App'x at 318.

Claimant's counsel cross-examined the vocational expert but did not ask whether the DOT listings conflicted with the ALJ's hypothetical limitations. Admin. Rec., DN 11 at 70–71. Instead, his cross-examination was limited to inquiring about the typical employer's tolerance for unscheduled absences and off-task work and the degree of social interaction expected of employees who work as Pages, Non-Postal Mail Clerks, and Routers. *Id.* Consequently, Claimant waived his SSR 00-4p argument by not bringing the conflicts to the ALJ's attention through cross-examinations. *Martin*, 170 F. App'x at 374; *Beinlich*, 345 F. App'x at 168; *O'Neal*, 799 F. App'x at 318; *Kyle*, 609 F.3d at 858; *Lee*, 529 F. App'x at 715; *see also Green v. Comm'r of Soc. Sec.*, No. 3:15-cv-910-TBR-CHL, 2017 U.S. Dist. LEXIS 45022, at *7 (W.D. Ky. Mar. 28, 2017) (affirming Commissioner's decision because the claimant's counsel did not

cross-examine the vocational expert about any conflict between his testimony and the DOT). Magistrate Judge Edwards rightly found the same. Because the argument was waived, the court need not consider Claimant's first objection.

### IV. Conclusion

Upon review of Magistrate Judge Edwards's Report and Recommendation, the court agrees that Claimant waived his argument. Accordingly, Claimant's Objections, DN 24, are **OVERRULED** and Magistrate Judge Edwards's Report and Recommendation, DN 23, is **ADOPTED** in its entirety as the opinion of the court and is incorporated by reference herein.

A separate judgment will be entered contemporaneously with this Order.

There being no just reason for delay, this is a **final Order**.

February 16, 2024

Charles R. Simpson III, Senior Judge
United States District Court